UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD S. VARNER,

        Petitioner,

vs.                                                    CASE NO. 08-11162
                                                       HON. LAWRENCE P. ZATKOFF

HUGH WOLFENBARGER,

        Respondent.

_____/

## OPINION AND ORDER

## I. INTRODUCTION

Currently before the Court are the following motions:

1.     Petitioner's "Motion in Response to the Report and Recommendation In Reference To The Habeas Corpus (In Objection)" (Docket #16), filed on June 10, 2010;

2.     Petitioner's "Motion for Reconsideration Petitioner's Objection to Magistrate's Report and Recommendation and Request for Oral Argument" (Docket #17), filed on June 23, 2010; and

3.     Petitioner's "Motion for Reconsideration Petitioner's Objection to Magistrate's Report and Recommendation and Request for Oral Argument" (Docket #18), filed on August 12, 2010.

## II. BACKGROUND

On May 6, 2010, Magistrate Judge Paul J. Komives issued a Report and Recommendation regarding Petitioner's application for writ of habeas corpus, wherein Magistrate Judge Komives recommended that the application for the writ of habeas corpus be denied. As part of that Report and Recommendation, Magistrate Judge Komives stated:

> The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

On June 8, 2010, after failing to receive any objections to the Report and Recommendation (from Petitioner or Respondent), the Court: (a) adopted the Report and Recommendation and entered it as the findings and conclusions of this Court; (b) DENIED Petitioner's application for a writ of habeas corpus; and (c) DENIED Petitioner a certificate of appealability. The Court subsequently received the three motions filed by Petitioner presently before the Court.

## III. ANALYSIS

The Court adopted Magistrate Judge Komives' Report and Recommendation 33 days after the Report and Recommendation was issued. Petitioner did not object to the Report and Recommendation (by filing his "Motion in Response to the Report and Recommendation In Reference To The Habeas Corpus (In Objection)") until two days after the Court adopted the Report and Recommendation, *i.e.*, 35 days after the Report and Recommendation was issued. As the Report and Recommendation expressly stated, however, Petitioner was **required** to object to the Report and Recommendation **within 14 days of its service on Petitioner**. Even allowing the time for Petitioner (a prisoner) to be served with a copy of the Report and Recommendation, Petitioner's objections were filed approximately two weeks late. Moreover, such objections were not filed until after the Court adopted the Report and Recommendation. Accordingly, the Court hereby DENIES as untimely Petitioner's "Motion in Response to the Report and Recommendation In Reference To The Habeas Corpus (In Objection)."

The Court also concludes Petitioner's two separate filings titled "Motion for Reconsideration Petitioner's Objection to Magistrate's Report and Recommendation and Request for Oral Argument" (Docket #17 is hereinafter referred to as the "First Motion for Reconsideration" and Docket #18 is hereinafter referred to as the "Second Motion for Reconsideration")[1] should be denied. First,

---

[1]The Second Motion for Reconsideration actually restates, verbatim, all of the content in the First Motion for Reconsideration and then it includes some additional argument.

because Petitioner failed to file timely objections to the Report and Recommendation, he is precluded from challenging the conclusions reached therein, as adopted by the Court. *See Thomas, supra*. Second, in its June 8, 2010 Opinion and Order, the Court did not engage in any analysis beyond that conducted by Magistrate Judge Komives, *i.e.*, the Court adopted Magistrate Judge Komives' Report and Recommendation as written. Therefore, there was no analysis in the Court's June 8, 2010 Opinion and Order for the Court to reconsider. Moreover, in reviewing the content of the "motions for reconsideration," the Court finds that the motions actually are objections to the Report and Recommendation (*e.g.*, Petitioner states: "Petitioner Harold Varner objects to the Magistrate Report and Recommendation for the reasons set forth in the memorandum of law . . . attached as the appendix to this pleading" and then specifically identifies at least five objections to the Report and Recommendation in the motions). As such, the Court finds that both the First and Second Motions for Reconsideration are untimely objections to the Report and Recommendation.

Finally, the Court denies the First and Second Motions for Reconsideration on the merits. In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(g)(3). In both the First and Second Motions for Reconsideration, Petitioner has, in essence, reiterated the arguments he made in his petition, which the Court has reviewed, considered and decided. In other words, Petitioner is asking the Court to revisit the same issues expressly ruled upon by the Court in ruling on his petition. As such, the Court shall not grant the motions for reconsideration.

# IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES:

1.    Petitioner's "Motion in Response to the Report and Recommendation In Reference To The Habeas Corpus (In Objection)" (Docket #16);

2.    Petitioner's "Motion for Reconsideration Petitioner's Objection to Magistrate's Report and Recommendation and Request for Oral Argument" (Docket #17); and

3.    Petitioner's "Motion for Reconsideration Petitioner's Objection to Magistrate's Report and Recommendation and Request for Oral Argument" (Docket #18).

In addition, the Court reiterates that it has DENIED Petitioner a certificate of appealability.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 19, 2010.


S/Marie E. Verlinde
Case Manager
(810) 984-3290